UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CMP COATINGS, INC.                          CIVIL ACTION

VERSUS                                      NO. 10-4277

TOKIO MARINE & NICHIDO FIRE                 SECTION: B(4)
INSURANCE COMPANY, LTD.

<u>ORDER AND REASONS</u>

Before the Court is Plaintiff CMP Coatings, Inc.'s ("CMP") Motion to Stay (Rec. Doc. No. 18), Defendant Tokio Marine & Nichido Fire Insurance Company, Ltd.'s ("Tokio Marine Nichido") Opposition (Rec. Doc. No. 20), and CMP's Reply Memorandum (Rec. Doc. No. 22). For the following reasons,

**IT IS ORDERED** that the motion is **GRANTED**.

This action is one for declaratory judgment regarding insurance coverage, damages and penalties, and attorney fees. Rec. Doc. No. 18-1, at 1; Rec. Doc. No. 20, at 2. CMP asserts that Tokio Marine Nichido owes coverage and a duty to defend CMP against a suit filed by Sipco Surface Protection, Inc. ("Sipco") in the Court of Common Pleas of Philadelphia County, Pennsylvania, alleging several theories of recovery including breach of express warranty, breach of implied warranty, third party beneficiary, tortious interference with contract, fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment. Rec. Doc. No. 18-1, at 1-3; Rec. Doc. No. 20, at 2. CMP manufactures and sells

marine industrial coatings, and the *Sipco* suit specifically alleges that paint manufactured by CMP and supplied for the construction of container vessels at Aker Philadelphia Shipyard was defective. Rec. Doc. No. 18-1, at 1.

On February 6, 2011, Sipco filed an Amended Complaint in its action, to which CMP intends to file Preliminary Objections; however, CMP asserts that the date such objections can be filed is currently uncertain due to several necessary documents that have yet to be provided to CMP by Sipco. Rec. Doc. No. 18-1, at 2-3. Nevertheless, CMP requests that this Court issue a brief stay in the instant matter to allow the Preliminary Objections in the Pennsylvania state court suit to be filed and ruled upon. *Id.* at 3. CMP suggests that as its claims against Tokio Marine Nichido are largely controlled by Sipco's claims against it, determination of the objections in the underlying suit will serve to narrow the scope of CMP's claims in the instant action and render the issues to be decided by this Court less complex and more certain. *Id.* Tokio Marine Nichido opposes CMP's motion on the basis that it intends to file a Motion for Summary Judgment by the end of August, 2011, asserting that there is no potential coverage under its policies for the claims made against CMP and that it has acted in good faith at all times during the handling of this claim. Rec. Doc. No. 20, at 1-4.

"The Court has broad discretion to stay proceedings and '[t]he

proponent of a stay bears the burden of establishing its need.'" *Vedros v. Northrop Grumman Shipbuilding, Inc.*, 2011 WL 2432955, *1 (E.D.La. 2011) (citing *Clinton v. Jones,* 520 U.S. 681, 706, 708 (1997)).   In determining whether a stay of the proceedings is appropriate, courts will consider the following: (1) hardship or inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy.   *Walton-Lentz v. Innophos, Inc.*, 2011 WL 1648668, *1 (M.D.La. 2011) (citing *Falgoust v. Microsoft Corp.*, 2000 WL 462919, *2 (E.D.La. 2000)).

Here, a stay pending the determination of CMP's Preliminary Objections by the Pennsylvania state court is in the interests of judicial economy and efficiency.   Such determination will streamline the issues central to the action at bar and prevent this Court from utilizing judicial resources to make premature determinations of potentially unnecessary issues.   Additionally, we find that Tokio Marine Nichido will not be unduly prejudiced by a brief delay of the instant proceedings.   The stay requested here is not indefinite, but rather lasting only so long as CMP's Preliminary Objections in the Pennsylvania state court action are pending.   Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Stay (Rec. Doc. No. 18) is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the captioned action shall be

3

administratively closed, for statistical purposes only, without prejudice to the parties' right to reopen the case upon timely compliance with the orders contained herein. The stay of proceedings and administrative closure can be lifted upon motion of either party **provided** said motion is filed no later than **thirty (30) days** from a final ruling from the Pennsylvania state court system in the *Sipco* matter on CMP's Preliminary Objections, or within **thirty (30) days** of the termination of the *Sipco* lawsuit, whichever occurs sooner. Failure to timely file the motion to reopen will lead to dismissal of this action without further notice.

New Orleans, Louisiana, this 14th day of September, 2011.

UNITED STATES DISTRICT JUDGE