UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CMP COATINGS, INC.                                   CIVIL ACTION

VERSUS                                               NO. 10-4277

TOKYO MARINE & NICHIDO FIRE                          SECTION "B"(4)
INSURANCE CO., LTD

## ORDER AND REASONS

Before the Court are cross Motions for Summary Judgment and related briefing on an insurance coverage issue. (Rec. Doc. Nos. 27, 29, 30, 39, 46, 47, 48, & 49).

Accordingly, and for the reasons pronounced below, **IT IS ORDERED** that Defendant Tokio Marine & Nichido Fire Insurance Company, LTD's ("Tokio Marine Nichido") Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff CMP Coatings, Inc.'s ("CMP") Motion for Partial Summary Judgment is **DENIED**.

CMP filed an action seeking a declaratory judgment of insurance coverage and a duty to defend under a commercial general liability policy issued by Tokio Marine Nichido, damages and penalties for alleged bad faith in denying coverage and defense, and attorney fees. (Rec. Doc. No. 1). CMP tendered notice of claims in Pennsylvania federal and state courts (the "underlying actions") related to allegedly defective paint manufactured by CMP. (Rec. Doc. No. 29-5 and 29-6). Tokio Marine Nichido denied

coverage. (Rec. Doc. No. 29-9).

The underlying actions allege that CMP manufactured and sold defective marine paint to Aker (co-defendant in the underlying actions) for the construction of container ships, gave inaccurate instructions for application of the marine paint, and required overly burdensome painting and inspection procedures; and that Aker contracted with painting contractors Avalotis and Sipco but cancelled the contracts for delays caused by the defective paint. (Rec. Doc. No. 27-1). The plaintiff in the underlying actions seeks only economic damages, including lost profits, cancellation of contract, and extra costs to complete application of the paint.

**A. Standard of review**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic*

2

*Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

Both parties agree that Louisiana law governs interpretation of the insurance contracts at issue, even though the underlying actions were filed in Pennsylvania. Under the governmental interest approach, because the insurance policies were issued and delivered to CMP in Louisiana, this Court will apply Louisiana law. *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659 (5th Cir. 2000).

Under Louisiana law, the duty to defend is broader than the duty to indemnify an insured, and an insurer has a duty to defend its insured unless the allegations in the underlying petition unambiguously exclude coverage. *Alert Centre, Inc. V. Alarm Prot. Srvs., Inc.*, 967 F.2d 161, 163 (5th Cir. 1992). The duty to defend is determined by the allegations of the complaint, without resort to extrinsic evidence. *Adams v. Frost*, 43,503 La. App. 2 Cir. 8/20/08, 990 So.2d 751. If the allegations of the complaint do not come within the scope of coverage, then there is no duty to provide a defense. *Id.* However, if any facts alleged in the petition support a claim for which coverage is not unambiguously excluded,

the insurer must defend the insured. *United Fire & Casualty Co. V. Hixson Brothers, Inc.*, 453 F.3d 283 (5th Cir. 2006). The insurer has the burden of proving the applicability of policy exclusions, but the insured has the burden of proving that a given claim is covered in the first instance. *Brewster v. Hunter*, 09-932 La. App. 5 Cir. 3/9/10, 38 So.2d 912, 919, *writ denied*, 2010-0773 La. 6/4/10, 38 So.2d 305.

**B. The purely economic damages claimed in the underlying actions are not covered by the policies issued by Tokio Marine Nichido.**

CMP seeks coverage from Tokio Marine Nichido for defense and indemnity of claims brought in the underlying actions, under its primary commercial general liability policies which provide coverage for bodily injury and property damage:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We have the right and duty to defend the insured against any "suit" to which this insurance applies.

(Rec. Doc. No. 27-1 through 27-6). Property damage is defined as either "physical injury to tangible property, including all resulting loss of use of that property..." or "loss of use of tangible property that is not physically injured..." (*Id.*) The policies also require that there be an occurrence, defined by the policies as "an accident, including continuous or repeated exposure to substantially the same harmful conditions." (*Id.*)

However, the factual allegations and claimed damages in the

underlying litigation clearly and unambiguously relate to economic losses caused by the allegedly defective paint and inaccurate data sheets, not to physical damage caused by the paint or data sheets. In the underlying action, Sipco made seven claims alleging that as a consequence of defective paint manufactured by CMP, as well as CMP's failure to provide accurate product data sheets, it has suffered financial damages in the form of lost profits, cost overruns, and cancellation of contract. (Rec. Doc. No. 27-1, 27-2, 27-3). After action by the Pennsylvania court, the remaining causes of action for the claimed economic damages are breach of implied warranty, tortious interference with contracts, negligent misrepresentation, and unjust enrichment. (Rec. Doc. No. 43-2).

Under Louisiana law and the terms of the insurance contracts at issue, purely economic losses do not qualify as "property damage" to trigger policy coverage. *See, Lamar Advertising Co. v. Continental Cas. Co.*, 396 F.3d 654, 662 (5th Cir. 2005) (applying Louisiana law) [economic loss arising from breach of contract is not covered as "property damage;" contractual rights are intangible in nature and thus any resulting economic loss arising from the interference with such rights would not be covered under the "property damage" coverage of the policy; the money damages would arise from loss of use of intangible property, and are therefore not covered]; *see also, Selective Insurance Co. of Southeast v. J.B. Mouton & Sons,* 954 F.2d 1075, 1080 (5th Cir. 1992), reh'g

5

denied (1992) (applying Louisiana law) [no coverage for alleged lost income and rent due to fraud in connection with development; such economic losses are not property damage.]. The economic damages claimed in the underlying actions do not flow from property damage caused by CMP's paint products.

CMP argues that the economic damages claimed in the underlying actions qualify under Louisiana law as "property damage." However, the cases cited by CMP for this proposition are factually distinguishable from the instant case. In all the cases cited by CMP, such as *Stewart Interior Contractors v. Metalpro Industries, LLC*, 969 So.2d 653 (La. App. 4 Cir. 2007), economic damages were caused by a covered event, an occurrence that caused damage to property; in this case, the economic damages were caused by alleged defects in CMP's product, not by an occurrence of damage to tangible property. Indeed, CMP does not argue that the allegedly defective marine paint caused damage to the vessels to which it was applied, but only that the defects caused delay and loss of profits. Because there was no occurrence of damage to tangible property or loss of use of tangible property, the damages claimed in the underlying actions does not constitute "property damage." As such, Tokio Marine Nichido owes no duty to defend or indemnify CMP regarding those damages.

**C. The Court need not address the alternative argument that the "Your Product/Your Work" exclusions preclude coverage, but finds that they do preclude coverage.**

The insurance policies at issue preclude coverage for physical injury to or loss of use of CMP's products or work and exclude claims of consequential damages arising from defects in CMP's product or work. Commercial general liability insurance "is not intended as a guarantee of the quality of the insured's products or work." McKenzie & Johnson, *Louisiana Civil Law Treatise: Insurance Law and Practice*, §198, p. 555. Louisiana law recognizes the work/product exclusion as applied not only to damage to the work product itself, but also to consequential damage claims arising out of such injuries. *See Old River Terminal Co-op v. Davco Corp.*, 431 So.2d 1068 (La. App. 1 Cir. 1983), *Swarts v. Woodlawn, Inc.*, 610 So.2d 888 (La. App. 1 Cir. 1992). CMP's reliance on *Todd Shipyards v. Turbine Service, Inc.*, 674 F.2d 401 (5th Cir. 1982) is misplaced: that case, like the others cited by CMP above, found that the work/product exception did not exclude coverage for damages to property other than the insured's work product, *Id*. at 420, but there is no such damage to other property here.

**D. The Court need not address the alternative argument that the "Loss of Use of Tangible Property Not Physically Injured" exclusion precludes coverage, but finds that it does preclude coverage.**

The insurance policies also preclude coverage for loss of use of tangible property which has not been physically injured or destroyed, unless the loss of use results from the sudden and

7

accidental physical injury to or destruction of the product after it has been put to use. CMP argues that damage occurred due to a sudden and accidental physical injury to CMP's product causing damage to other property. However, that is not the case: the underlying action alleges defects in marine paint, which cannot reasonably be considered sudden or accidental physical injury. Further, CMP again relies on case law that does not apply to the instant case because it considers actual damage to tangible property, *Stewart Interior Contractors v. Metalpro Industries, LLC*, 969 So.2d 653 (La. App. 4 Cir. 2007). Damages claimed in the underlying action for loss of use, including delay costs and loss of profit, are therefore not covered by the policies at issue.

**E. Because it was facially apparent from the complaint in the underlying litigation that there was no coverage, Tokio Marine Nichido is not liable for bad faith denial of coverage.**

As discussed above, the duty to defend is determined by the allegations of the complaint, without resort to extrinsic evidence, and if the allegations of the complaint do not come within the scope of coverage, then there is no duty to provide a defense. *Adams v. Frost*, 43,503 La. App. 2 Cir. 8/20/08, 990 So.2d 751. Here, because the underlying complaint clearly contemplated purely economic damages caused by a defective product, Tokio Marine Nichido denied coverage in good faith, and should not be held liable for denial. Summary judgment is therefore entered in favor of Defendant Tokio Marine Nichido.

Therefore, for the reasons articulated above, **IT IS ORDERED** that Defendant Tokio Marine Nichido's Motion for Summary Judgment is **GRANTED** and that Plaintiff CMP's Motion for Partial Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 6th day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE